20-2466-cv
Pastor v. Partnership for Children's Rights

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand twenty-one.

PRESENT: RAYMOND J. LOHIER, JR.,
RICHARD J. SULLIVAN,
JOSEPH F. BIANCO,
*Circuit Judges*.

------------------------------------------------------------------

ELIZABETH PASTOR,

*Plaintiff-Appellant*,

v.                                                     No. 20-2466-cv

PARTNERSHIP FOR CHILDREN'S RIGHTS,

*Defendant-Appellee.*

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT: Elizabeth Pastor, *pro se*, Brooklyn, NY

FOR DEFENDANT-APPELLEE: Michael A. Frankel, Jackson Lewis P.C., White Plains, NY

Appeal from an order of the United States District Court for the Eastern District of New York (Carol Bagley Amon, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Elizabeth Pastor, proceeding pro se, appeals from the July 7, 2020 order of the United States District Court for the Eastern District of New York (Amon, J.), which denied Pastor's October 7, 2019 motion for relief pursuant to Federal Rule of Civil Procedure 60(b)(6). In 2010 Pastor sued her former employer, Defendant-Appellee Partnership for Children's Rights (the "Partnership"), alleging that the Partnership discriminated and retaliated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. The District Court granted summary judgment to the Partnership because it had fewer than fifteen employees and therefore did not constitute an "employer" for purposes of

2

either statute.  In October 2012 Pastor appealed the District Court's judgment to this Court, and we affirmed.  See 538 F. App'x 119 (2d Cir. 2013).

Over six years later, Pastor moved to vacate the 2012 judgment under Federal Rule of Civil Procedure 60(b)(1)–(3).  The District Court denied the motion as untimely, and Pastor did not appeal.  In October 2019 Pastor filed a second motion to vacate the judgment, this time under Rule 60(b)(6).  The District Court denied Pastor's motion, concluding that it "merely repeat[ed] the same claims and arguments [Pastor] previously raised," D. Ct. Dkt. 62 at 2, and Pastor filed this appeal.  We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.

"We review [a] district court's Rule 60 decision for abuse of discretion." United Airlines, Inc. v. Brien, 588 F.3d 158, 175 (2d Cir. 2009).  A district court abuses its discretion when it "bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or renders a decision that cannot be located within the range of permissible decisions."  Yukos Cap. S.A.R.L. v. Feldman, 977 F.3d 216, 234 (2d Cir. 2020) (quotation marks omitted).

3

The District Court did not abuse its discretion in denying Pastor's Rule 60(b)(6) motion.[1] Rule 60(b)(6) is "a catch-all provision that is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)–(5) of the Rule." Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc., 970 F.3d 133, 143 (2d Cir. 2020) (quotation marks omitted). Further, a Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided. See Zerman v. Jacobs, 751 F.2d 82, 84–85 (2d Cir. 1984).

Here, the District Court correctly determined that Pastor's motion "merely recycle[d] arguments already made" and did not present grounds for relief from the judgment under Rule 60(b)(6). D. Ct. Dkt. 62 at 3. Pastor failed to identify any "extraordinary circumstances justifying relief" or any "extreme and undue

---

[1] To the extent Pastor challenges the District Court's 2012 grant of summary judgment, which we previously affirmed, we reject the challenge because, among other reasons, "[t]he appeal from the denial of a motion to vacate pursuant to Rule 60(b) brings up for review only the validity of that denial, not the merits of the underlying judgment itself." In re Terrorist Attacks on Sept. 11, 2001, 741 F.3d 353, 357 (2d Cir. 2013) (quotation marks omitted).

hardship" caused by the judgment itself, as opposed to a hardship caused by the alleged discrimination and retaliation. Metzler Inv. GmbH, 970 F.3d at 143 (quotation marks omitted). Further, to the extent Pastor relied on new evidence or the Partnership's purported "fraud" and misconduct, such grounds for relief are cognizable only under Rule 60(b)(2) and 60(b)(3). See id. And a motion under those subsections must be made "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1).

Moreover, Pastor's motion was untimely even under the more lenient deadline for Rule 60(b)(6), which requires that such motion be "made within a reasonable time." Fed. R. Civ. P. 60(c)(1). "In a typical case, five years from the judgment to a Rule 60(b) motion would be considered too long." Grace v. Bank Leumi Tr. Co. of N.Y., 443 F.3d 180, 191 (2d Cir. 2006). Here, Pastor's Rule 60(b)(6) motion was filed seven years after entry of the District Court's judgment, and there was no justification for this delay. Pastor suggests that her Rule 60(b)(6) motion nevertheless could have been granted based on an affidavit from Alvin Linton that, Pastor claims, constituted "new evidence." However, the affidavit is not new evidence because it was previously submitted to and

5

considered by the District Court in 2011.   Accordingly, Pastor's motion was not filed within a reasonable time.

We have considered Pastor's remaining arguments and conclude they are without merit.   For the foregoing reasons, we **AFFIRM** the order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court